EGAN, C.J.
*1122 *124 In this consolidated case, youth appeals from an order adjudicating her for probation violations in three cases-Case Nos. 2003819111, 14JU03322, and 15JU05277-and dispositional orders committing her to the custody of the Oregon Youth Authority (OYA) for a period of up to five years. Youth raises seven assignments of error on appeal. As explained below, we agree with youth that the juvenile court erred with respect to her first, second, and third assignments of error. We reject her fifth assignment of error without discussion, and our disposition of youth's first and second assignments obviates the need to address her fourth, sixth, and seventh assignments of error.
The relevant facts are procedural in nature and are undisputed. In Case No. 15JU05277, based on youth's admission, the court found youth within its jurisdiction for conduct that, if committed by an adult, would constitute resisting arrest, ORS 162.315, and committed her to OYA's custody for a period not to exceed five years. At that time, youth was on probation in Case Nos. 2003819111 and 14JU03322. At the same hearing, based on youth's violation of the law that it had adjudicated in Case No. 15JU05277, the court determined that youth was also in violation of her probation in Case Nos. 2003819111 and 14JU03322 and entered an order revoking her probation in those cases and committing her to OYA for five years. Furthermore, although youth was not on probation in Case No. 15JU05277, the order revoking her probation included that case number.
In her first and second assignments of error, youth asserts that the juvenile court erred by adjudicating the petitions against her for violations of her probation in Case Nos. 14JU03322 and 2003819111.[1] She contends that ORS 419A.190 barred those probation violation proceedings because, based on her admission in Case No. 15JU05277, she had already been adjudicated to be within the jurisdiction of the juvenile court based on the same conduct.
*125 ORS 419A.190 provides:
"Except as provided in ORS 153.108(1), proceedings in adult criminal court and other juvenile court adjudicatory proceedings based on an act alleged in a petition or citation to have been committed by a child, ward, youth or youth offender or allegations arising out of the same conduct are barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing or has accepted a child, ward, youth or youth offender's admission or answer of no contest to the allegations of the petition or citation. This section does not prevent appeal of any preadjudicatory order of the court that could be appealed in a criminal case, including, but not limited to, an order suppressing evidence."
The state, for its part, contends that ORS 419A.190 does not apply to probation violation proceedings because they are not "adjudicatory proceedings" within the meaning of the statute. Thus, the question as framed by the parties, is whether juvenile probation violation proceedings are barred under ORS 419A.190 when they are based on conduct for which the youth has already been adjudicated to be within the jurisdiction of the juvenile court.
We recently addressed a similar issue in State v. S.-Q. K. , 292 Or. App. 836, 426 P.3d 659 (2018). In that case, we were presented *1123 with the issue of whether "juvenile probation violation proceedings are the sort of 'adjudicatory hearing[s]' that bar other adjudicatory proceedings based on allegations stemming from the same conduct." Id. at 839, 426 P.3d 659. Based on the statute's text, context, and legislative history, we concluded that the answer to that question was yes, holding that "a juvenile court probation violation proceeding that is the type of juvenile court 'adjudicatory hearing,' within the meaning of ORS 419A.190 that bars subsequent proceedings arising out of allegations based on the same conduct." Id. at 847-48, 426 P.3d 659. Thus, based on our decision in S.-Q. K. , where a juvenile court has adjudicated a youth to be within its jurisdiction based on particular conduct, ORS 419A.190 bars subsequent probation violation proceedings against the youth based on the same conduct.[2] Accordingly, *126 youth is correct that the juvenile court erred in adjudicating the petitions against her alleging that she had violated her probation in Case Nos. 14JU03322 and 2003819111, and the probation violation petitions in those case numbers should have been dismissed.
In her third assignment of error, youth contends that the juvenile court erred by entering a probation violation order against her in Case No. 15JU05277, a case in which she had never been placed on probation. We agree that the order adjudicating the probation violations, on its face, improperly includes Case No. 15JU05277 and that youth's third assignment of error is well taken.
In Case Nos. 2003819111, 14JU03322, and 15JU05277, order finding youth in violation of probation and committing her to Oregon Youth Authority reversed; remanded with instructions to dismiss the probation violation petitions in Case Nos. 2003819111 and 14JU03322; otherwise affirmed.

Before the juvenile court, youth moved to dismiss the probation violation petitions in those cases based on ORS 419A.190.

We observe that S.-Q. K. involved circumstances where the probation violation proceedings occurred before the adjudication of the petition against the youth. Nonetheless, our holding in that case that a juvenile court probation violation proceeding is an "adjudicatory hearing" under ORS 419A.190 means that when a youth has been adjudicated within the court's jurisdiction based on certain conduct, the statute bars later probation violation proceedings based on the same conduct.